*In re* LETCHWORTH and others, Bankrupts.

(*District Court, N. D. New York.* March, 1884.)

BANKRUPTCY—RENEWAL NOTE EXECUTED AFTER BANKRUPTCY.

> Where a party previous to becoming a bankrupt was liable on a bond, by the terms of which he became a continuing guarantor of notes discounted by a certain bank for a company of which he was the president, and at the time of his bankruptcy the bank held a note so discounted, indorsed by him, the fact that a renewal note was given after the filing of his petition, will not prevent the debt from being proved as a claim against his estate.

In Bankruptcy.

*Charles F. Durston*, for assignee.

*Theo. M. Pomeroy*, for creditors.

COXE, J. At the time of the commencement of the proceedings in bankruptcy herein, William H. Seward, Jr., & Co., bankers, held the bond of the above-named bankrupt, by the terms of which he became a continuing guarantor for the payment of any notes which the said firm might discount, for a manufacturing company of which he was president. Demand and notice of non-payment were waived. When the petition was filed the manufacturing company was indebted to Seward & Co. in the sum of $2,500, for which they held the company's note indorsed by the bankrupt. This note was renewed from

time to time, the last renewal being after the adjucation in bankruptcy. The assignee insists that for this reason the debt is not provable. It is thought, however, that under the peculiar phraseology of the bond and in view of the obligation there created, it would be unjust to treat the liability of the bankrupt as that of an indorser simply. At the time of the bankruptcy he was clearly liable on the bond in the event of the failure of the makers of the note to pay. True, his liability had not then become absolute, but the debt existed and the obligation was created before the petition was filed. Legally and equitably the estate is bound by his contract.

The report of the register is confirmed and the proof permitted to remain on file.